UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA,            :
                                     :      **ORDER DENYING**
         -against-                   :      **DEFENDANT'S POST-**
                                     :      **SENTENCING MOTIONS**
IBN LEE,                             :
                                     :      S2 02 Cr. 602 (AKH)
                 Defendant.          :
--------------------------------------------------------x

ALVIN K. HELLERSTEIN, U.S.D.J.:

On December 18, 2002 Defendant Ibn Lee and his co-defendant Larry Williams were found guilty by a jury of conspiring to commit murder-for-hire in violation of 18 U.S.C. § 1958, and, on December 19, 2002, after supplementary closings, instructions and jury deliberations, Lee alone was found guilty of unlawful possession of a firearm under 18 U.S.C. § 922(g)(1). My judgment of sentence, which imposed a custodial term of 240 months, was filed March 24, 2005. Lee filed a notice of appeal on the same day. The appeal is pending.

Ibn Lee, by pro se letter received in chambers on June 28, 2005,[1] moves under Rule 33(b)(2), Fed. R. Crim. P., for a new trial. His alleged ground is that I conducted peremptory challenges in the robing room, away from the jury, after the entire voir dire of the jury was conducted in open court, and he contends that this is a violation of the requirement of a public trial and United States v. Alcantara, 396 F.3d 189 (2d Cir. 2005). Defendant admits that he did not object, and either participated in the jury selection in the robing room, or declined the opportunity to be present and participate with his attorney. There was no application by the press or the public to view the peremptory challenges.

The motion is out of time, see Fed. R. Crim. P. 33(b)(2) ("Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after

---

[1] This motion was mistakenly identified by the caption of another case in which Lee is a defendant, 02 Cr. 1372(BSJ), a case presided over by the Hon. Barbara S. Jones.

1

the verdict or finding of guilty, or within such further time as the court sets during the 7-day period."), and is denied. The motion is also denied on the merits.

Defendant also advances a second motion, separately submitted on May 10, 2005, pursuant to Rule 33(b)(1), Fed. R. Crim. P., on the ground of newly discovered evidence. Rule 33 motions grounded on newly discovered evidence are timely when filed within three years after the verdict or finding of guilty, id., and so I accept for these purposes that Lee's motion is timely made. In substance, Lee alleges that his co-defendant, Larry Williams, was a government informant at the time of the conspiracy to commit murder-for-hire of Kawaine Ellis, a/k/a "Q," a fact, he states, that was disclosed in 3500 material provided by the government in the related case before Judge Jones. Lee argues that this newly discovered fact is material, because he could not have been convicted of conspiring with a government informant. See, e.g., United States v. Andrades, 169 F.3d 131, 135 (2d Cir. 1999) ("In order to show a conspiracy, the government must establish the fact of a criminal agreement among individuals who are neither government agents nor confidential informants."). Lee charges that the government violated its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and he argues that he should be awarded a new trial under Rule 33 because of the resulting prejudice to him.

Lee's motion rests on two premises: first, that there were no other members of the conspiracy with whom Lee conspired; second, that the existence of certain information provided to the government by Williams disqualifies Williams from being a co-conspirator of Lee in the murder-for-hire plot. Both of these premises are false.

The evidence at trial showed the extensive, well-orchestrated plot to have Ellis assassinated. For example, Jason Lawton, a witness at the trial, testified that he obtained a gun for Williams and Lee that would be used in the murder. There is no evidence that Lawton was a

government agent during the life of the conspiracy. Accordingly, the evidence showed the existence of a conspiracy that had at least another member, aside from Williams, with whom Lee conspired. See United States v. Bicaksiz, 194 F.3d 390, 399 (2d Cir. 1999) ("[P]arties can conspire through a non-conspiring intermediary, even a government informant.").

Furthermore, I hold that Williams' conviction for conspiracy stands intact. Under Second Circuit precedent, "[m]embership in a criminal conspiracy and rendering services to the government as an informant are not necessarily mutually exclusive roles." United States v. Monteleone, 257 F.3d 210, 221 (2d Cir. 2001). The government represents that "Williams served in a limited capacity as a confidential informant for a jurisdiction other than the Bronx, to help police officers in Westchester County solve a murder there," but that "Williams was never a confidential informant, or government agent, in connection with Lee's conspiracy to murder Kawaine Ellis." As the government argues, the fact that Williams may have served in a limited capacity as a confidential informant about matters unrelated[2] to the murder-for-hire conspiracy does not disqualify Williams from being a member of, or from being convicted of, that conspiracy. See id. at 221-22 ("We draw a distinction between a co-conspirator who exchanges information with the government while still pursuing the conspiracy's criminal objectives, and one whose conduct as a 'co-conspirator' is shaped and directed by the desires of the government."). Accordingly, Lee's second Rule 33 motion is also denied on the merits.

SO ORDERED.

Dated: New York, New York
September 12, 2005

ALVIN K. HELLERSTEIN
United States District Judge

---

[2] Lee presents no evidence that the information provided by Williams was in fact related to the murder-for-hire conspiracy.

3